**LAWSON, Deputy Commissioner, et al. v. MARYLAND CASUALTY CO.**

No. 8528.

Circuit Court of Appeals, Fifth Circuit.

Jan. 20, 1938.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Lloyd C. Hooks, Asst. U. S. Atty., and Harry G. Taylor, Sp. Asst. U. S. Atty., both of Miami, Fla., for appellant.

E. B. Kurtz, W. L. Reed, and R. E. Sappenfield, all of Miami, Fla., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., the Deputy Commissioner awarded compensation for the death of Simon Rolle. In the District Court it was held that Rolle was a member of the crew of a vessel and excepted from the act, and the award was vacated. The Deputy Commissioner appeals.

This case is the counterpart of Maryland Casualty Co. v. Lawson, Columbia Casualty Co. v. Lawson, Deputy Commissioner, 5 Cir., 94 F.2d 190, herewith decided. Rolle was engaged in dynamiting the bottom of the channel entering Miami Harbor in order that it might be dredged; the employer being Clarke Dredging Company. He and two other men were using a rowboat or skiff belonging to the dredge to place the dynamite and explode it, when by a premature explosion he was killed. He was an employee at work on navigable waters of the United States in a matter relating to navigation and commerce. There is no state workmen's compensation law in Florida. Unless excepted as being a member of the crew of a vessel, he is entitled to compensation.

The District Judge did not indicate of what vessel Rolle was thought to be a crew member. In a loose sense he was of the crew of the skiff, but we do not think a rowboat less than sixteen feet long, capable of carrying three men, and propelled by one oar at its stern, is a vessel having a crew within the meaning of this law, in spite of the very broad definition of a vessel found in 1 U.S.C.A. § 3. Such a boat usually has no organized personnel, no permanent company. This boat belonged to the nearby dredge, and was certainly not an independent vessel with a separate crew. The dredge itself was probably a vessel with a crew under the authority of the case of Kibadeaux v. Standard Dredging Co., 5 Cir., 81 F.2d 670, though the evidence concerning her is meager. But we think Rolle was not a member of her crew. He was not employed by her master, but by a labor foreman on land. He was paid by the hour, and worked only when needed. Occasionally he was called on to assist in moving heavy objects on the dredge, but had no regular work aboard her. His work was assigned and directed, not by the master, but by the land foreman, who stood on the nearby causeway which spans the harbor while the dynamiting was done. Rolle did not sleep aboard the dredge, but at home on land. He could and sometimes did get dinner on the dredge, but must pay for it. He was employed by the foreman as a laborer, and put into a boat belonging to the dredge to do the work desired, not as a part of the dredge's activity directed by its master, but because the superintendent of Clarke Dredging Company in Miami was the master's superior and could take the dredge's skiff for such uses as he desired. Rolle was not a member of the crew of the dredge, but a laborer working under control from the land. He was bound to no vessel as a crew member, and entitled to a lien on none for his wages. He was not excluded from the Compensation Act. The judgment is reversed and the cause remanded, with direction to enter a judgment affirming the award.

Reversed.